1   IAN P. FELLERMAN (State Bar No. 119725)
JOAN PUGH NEWMAN (State Bar No. 148562)
2   Aleshire & Wynder, LLP
1301 Marina Village Parkway, Suite 310
3   Alameda, California 94501
Telephone: (510) 337-2810
4   Facsimile:  (510) 337-2811
ifellerman@awattorneys.com
5   jpughnewman@awattorneys.com

6   Attorneys for Defendant
GRAYBAR ELECTRIC COMPANY, INC.

7

8                **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                  **OAKLAND BRANCH**

11

| | |
|---|---|
| 12   ANDRE NEWSOME, an individual, | Case No.: |
| 13          Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| 14      v. | |
| 15   GRAYBAR ELECTRIC COMPANY, INC., | (28 U.S.C. §§ 1332(a), 1441(b), and 1446) |
|      a New York and DOES 1 through 100, | (Alameda County Superior Court |
| 16   inclusive, | Case No. RG21108910) |
| 17          Defendants. | |

18

19        Pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446, Defendant Graybar Electric

20   Company, Inc. ("Graybar") hereby gives notice of the removal to this Court of an action

21   commenced against Graybar in the Superior Court of the State of California for the County of

22   Alameda, entitled Andre Newsome v. Graybar Electric Company, Inc., a New York [Corporation]

23   and Does 1 through 100, inclusive, Case No. RG21108910 ("the State Court Action"). In support

24   of this removal, Graybar states as follows:

25        1.       On August 11, 2021, Plaintiff filed the State Court Action. A copy of the Complaint

26   in the State Court Action is attached at Tab 1. A copy of the Summons in the State Court Action

27   is attached at Tab 2.

28

1

NOTICE OF REMOVAL OF ACTION

1    2.    Graybar was served with the Summons and Complaint in the State Court Action on
2    August 12, 2021.

3    3.    Graybar filed and served an Answer to the Complaint in the State Court Action on
4    September 7, 2021, a true and correct copy of which is attached at Tab 3.

5    4.    A Civil Case Cover Sheet, Notice of Assignment for All Purposes, Notice of Case
6    Management Conference and Order, ADR Information Package and Proof of Service in the State
7    Court Action are collectively attached and incorporated at Tab 4.  Except as set forth herein, no
8    other pleadings or papers have been filed in the State Court Action.

9    5.    Jurisdiction.  This Court has subject matter jurisdiction under 28 U.S.C. 1332(a)
10    and § 1441(b) because: (1) the matter in controversy exceeds the sum or value of $75,000,
11    exclusive of interest and costs; and (2) Plaintiff's state of citizenship is different from Graybar's
12    state of citizenship.

13    6.    **Diversity Jurisdiction -- Amount in Controversy Exceeds $75,000.**

14    a.    While denying any liability related to Plaintiff's claims, Graybar need only
15    show by a preponderance of the evidence that the amount in controversy is "more likely than not"
16    to exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-
17    404 (9th Cir. 1996).

18    b.    "Section 1332(a)'s amount-in-controversy requirement excludes only
19    'interest and costs' and therefore includes attorneys' fees." *Gugliemino v. McKee Foods Corp.*,
20    506 F.3d 696, 700 (9th Cir. 2007).   The Court thus may consider the aggregate value of
21    compensatory damages, attorney's fees, and other forms of relief sought by Plaintiff. *Id.*

22    c.    Courts are permitted to look to other cases as evidence of the probable
23    amounts sought for punitive damages, emotional distress damages, and attorneys' fees in wrongful
24    termination and related cases. *See, e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033-
25    34 (N.D. Cal. 2002) (denying plaintiff's motion to remand based on the substantial amounts
26    awarded in similar cases).

27    d.    Plaintiff is a former employee of Graybar. *See* Tab 1, Complaint, ¶¶ 5 and
28    11. He claims Graybar terminated him on July 16, 2020 because of his purported disability. *Id.*

2

at ¶¶ 19, 56 and 62.  In addition, Plaintiff claims that his termination was a wrongful discharge in violation of public policy.  *Id.* at ¶¶ 61-66.  He also claims that Graybar failed to provide reasonable accommodation for his purported disability, failed to engage in a good faith interactive process, and failed to take reasonable action to prevent discrimination and retaliation.  *Id.* at ¶¶ 27-48.

e.      Plaintiff does not specify in his Complaint the exact amount of damages he is seeking.  Instead, he is seeking an unspecified amount of: (i) past and future lost wages; (ii) damages for purported shame, humiliation, mental anguish and emotional distress; (iii) punitive damages; and (iv) attorneys' fees.  *Id.* at ¶¶ 22-26, 31-35, 39-41, 46-48, 57-60, and 64-66.

f.      At the time of his termination from Graybar, Plaintiff was a full-time employee who was paid an hourly wage equivalent to an annual salary of $45,000.  *See* Tab 5, Declaration of Tyrus Washington, at ¶ 3.  Thus, the past lost income Plaintiff is seeking relating to the termination of his employment is already approximately $52,000.  Assuming trial in eighteen months, Plaintiff's alleged lost wage income would be approximately $120,000.  In addition, as previously noted, Plaintiff is seeking future lost wages relating to his termination.

g.      Plaintiff does not specify the exact amount of punitive damages, emotional distress damages, or attorneys' fees that he seeks.

h.      Graybar cites the following cases as evidence of California courts awarding substantial sums to a plaintiff for emotional distress damages, punitive damages, and attorneys' fees in wrongful termination cases: *Navarro v. DHL Glob. Forwarding*, No. 215CV05510CASEX, 2018 WL 2328191, at *5 (C.D. Cal. May 21, 2018) (wrongful termination; $616,687.50 in attorneys' fees); *Allen v. Radio Shack Corp.*, N.D. Cal., No. 3:11-cv-03110, March 1, 2013 (wrongful termination $60,000 in emotional distress damages and $500,000 in punitive damages); *Thomas v. TapouT*, Cal. Super. Ct., No. BC399179, January 25, 2011 (wrongful termination; $2.4 million in punitive damages); *Gardner v. Baby Trend Inc.*, Cal. Super. Ct., No. 05cc11681, June 30, 2009 (wrongful termination; $275,000 in emotional distress damages).  *See* Tab 6, Daily Labor Report, for summaries of the last three cases.

i.      Based on the foregoing, the amount in controversy in the State Court Action exceeds $75,000.

3

7.      **Diversity Jurisdiction - Graybar and Plaintiff are Citizens of Different States.**

a.      The State Court Action was brought in California.

b.      For diversity purposes, a natural person is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004) (internal quotation marks omitted).

c.      A corporation is a citizen of the state in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c). A corporation's principal place of business is the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 89-92 (2010).

d.      Plaintiff is a citizen of California. *See* Tab 1, Complaint, ¶ 1. Plaintiff is not a citizen of New York or Missouri.

e.      Graybar Electric Company, Inc. was and is a corporation incorporated under the laws of the State of New York, with its principal place of business located at 34 N. Meramec Avenue, St. Louis, Missouri 63105. *See* Tab 5, Declaration of Tyrus Washington, at ¶ 4. Graybar is not a citizen of California.

8.      DOES 1 through 100 also are named as Defendants. For purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

9.      This Notice of Removal is timely filed because Graybar was served with the Summons and Complaint in the State Court Action on August 12, 2021.

10.      Intradistrict Assignment. The United States District Court for the Northern District of California, Oakland Division, embraces Alameda County, California, where the State Court Action is pending and the action arose.

11.      Copies of all process, pleadings, and orders in the State Court Action are attached at Tabs 1-4 and incorporated by reference.

NOTICE OF REMOVAL OF ACTION

1    WHEREFORE, Defendant requests that this Court assume jurisdiction of this action

2   pursuant to the removal noticed herein, and make such further orders as may be required to

3   properly determine this controversy.

4
                                                ALESHIRE & WYNDER, LLP
5

6
    Date:  September 9, 2021              By: _____/s/ Ian P. Fellerman_____
7                                                 IAN P. FELLERMAN
                                                  Attorneys for Defendant
8                                              GRAYBAR ELECTRIC COMPANY, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         5

**TAB 1**

1  Roman Otkupman, CSBN 249423
   *Roman@OLFLA.com*
2  **OTKUPMAN LAW FIRM, A LAW CORPORATION**
   5743 Corsa Ave, Suite 123
3  Westlake Village, CA 91362
   Telephone: (818) 293-5623
4  Facsimile: (888) 850-1310

5  Attorneys for Plaintiff,
   Andre Newsome

FILED BY FAX
ALAMEDA COUNTY

August 11, 2021

CLERK OF
THE SUPERIOR COURT
By Nicole Hall, Deputy

CASE NUMBER:
**RG21108910**

6

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

   **COUNTY OF ALAMEDA**

8  ANDRE NEWSOME, an individual,      CASE NO.

9            Plaintiff,               **COMPLAINT FOR DAMAGES:**

10      vs.                           1.  **DISABILITY DISCRIMINATION**
                                          **IN VIOLATION OF THE FEHA**
11                                        **(CAL. GOV. CODE § 12940 ET**
                                          **SEQ.);**
12  GRAYBAR ELECTRIC COMPANY, INC., a
    New York and DOES 1 through 100,  2.  **FAILURE TO ACCOMMODATE**
13  inclusive.                            **IN VIOLATION OF THE FEHA**
                                          **(CAL. GOV. CODE § 12940(m));**
14            Defendants.
                                      3.  **FAILURE TO ENGAGE IN A**
15                                        **GOOD FAITH INTERACTIVE**
                                          **PROCESS IN VIOLATION OF**
16                                        **THE FEHA (CAL. GOV. CODE §**
                                          **12940(n));**
17
                                      4.  **FAILURE TO TAKE**
18                                        **REASONABLE STEPS TO**
                                          **PREVENT DISCRIMINATION,**
19                                        **RETALIATION IN THE WORK**
                                          **PLACE IN VIOLATION OF THE**
20                                        **FEHA (CAL GOV. CODE §**
                                          **12940(k));**
21
                                      5.  **RETALIATION IN VIOLATION**
22                                        **OF THE FEHA (CAL. GOV. CODE**
                                          **§ 12940(h));**
23
                                      6.  **WRONGFUL TERMINATION IN**
24                                        **VIOLATION OF PUBLIC POLICY**
                                          **AND FEHA (CAL. GOV. CODE**
25                                        **§ 12940 ET SEQ);**

26                                        **REQUEST FOR JURY TRIAL**

OTKUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                    1

PLAINTIFF, Andre Newsome, complains and alleges as follows:

### GENERAL ALLEGATIONS
(Against Defendant and all DOE Defendants)

1.    At all times herein mentioned, Plaintiff Andre Newsome, is and was a resident of the City of Concord, State of California.

2.    At all times herein mentioned, Defendant Graybar Electric Company, Inc., and Does 1-100 (hereinafter also referred to as "Defendants"), is licensed to do business within the City of Dublin, County of Alameda. Defendants employed the Plaintiff at 11505 Dublin Blvd #1, Dublin, CA 94568. Plaintiff is informed and believes that said Defendants employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3.    The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4.    Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5.    Plaintiff began working for Defendant in or around September of 2019, as a Sales Trainee. While working for Defendant, Plaintiff was earning approximately $25.00 per hour. Plaintiff's primary job responsibilities involved processing orders for electrical sales and maintaining customer relationships.

6.    Throughout his employment with Defendant, Plaintiff was a diligent worker.

7.    On or about June 23, 2020, Plaintiff was undergoing a lot of stress and suddenly felt dizzy at work. Plaintiff left work early that day to be checked out by a physician. Plaintiff was informed his blood pressure was high and was experiencing stroke-like symptoms. Plaintiff was further admitted to the hospital.

8.     On or about June 24, 2020, Plaintiff was discharged from the hospital. Plaintiff was further placed off work.

9.     Plaintiff was seeing a therapist for his stress and his primary physician for his high blood pressure. Plaintiff's medical leave was extended on a weekly basis. Plaintiff's medical extension notes were faxed to Defendant. Plaintiff's girlfriend called to confirm that they had received Plaintiff's medical notes.

10.     On or about July 16, 2020, Plaintiff was placed off work until October 16, 2020. Plaintiff's physician submitted his medical note to Defendant informing them that Plaintiff's medical leave was extended until October 16, 2020.

11.     Rather than accommodating Plaintiff's serious medical conditions, Defendant retaliated against Plaintiff by terminating his employment on July 16, 2020, for pretextual reasons.

12.     The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff. On or about June 29, 2021, Plaintiff exhausted his administrative remedies by obtaining a Right to Sue notice from the Department of Fair Employment and Housing. Said notice is attached hereto as **Exhibit "A"**.

## VENUE AND JURISDICTION

13.     Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE

## FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940 et seq.

(Against Defendant and all DOE Defendants)

14.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

15.     The actions of Defendants, as described in this Complaint, constitute unlawful discrimination on the basis of Plaintiff's disability.

16.     Plaintiff alleges that his medical conditions of high blood pressure, stress, and stroke symptoms, which prevented and/or substantially limited Plaintiff from engaging in major life

activities, such as working or walking, was a physical disability.

17.   At all times herein mentioned, Plaintiff was regarded as being disabled and suffering from a disability, and at all relevant times, Plaintiff was able to perform the essential functions of his job with reasonable accommodations.

18.   Plaintiff brings this cause of action for disability discrimination and termination of employment because of such disability. Furthermore, though Plaintiff's need for an accommodation was clearly communicated to Defendant, it was blatantly ignored and Plaintiff was ultimately terminated.

19.   Plaintiff alleges that he was discriminated against by the Defendants, named in this cause of action, as follows:

    a.    firing Plaintiff for his disability;

    b.    firing Plaintiff in retaliation for needing accommodation for his disability;

    c.    generally not wanting Plaintiff to work at the Defendants because Plaintiff had suffered a serious disability which Defendants perceived as a disability, and by perceiving said disability, Defendants anticipated it would have to pay extra costs in reasonably accommodating Plaintiff, and as a result, said Defendants retaliated against Plaintiff, and terminated him to avoid providing any reasonable accommodations and to avoid any perceived extra medical costs associated with Plaintiff's disability. The discrimination impeded Plaintiff's progress and the enjoyment of his employment with Defendants. The discriminatory work environment existed on a continuing and ongoing basis up to Plaintiff's termination.

20.   Defendants knew, or should have known, of the discriminatory work environment and conduct against Plaintiff, but did nothing to prevent or stop the discrimination.

21.   Defendants' disability discrimination as described in this Complaint violates the Fair Employment and Housing Act as promulgated in California Government Code Section 12940 et. seq., and other state and federal statutes which prohibit discrimination in employment, including the California Constitution and the Civil Rights Act as amended.

22.   As a direct and proximate result of Defendants' discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

a.      loss of salary and other valuable employment benefits;

b.      prejudgment interest and interest on the sum of damages at the legal rate; and

c.      other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

23.     In addition, Plaintiff is entitled to his attorney's fees in prosecuting this lawsuit, pursuant to California Government Code Section 12965(b).

24.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendants' willful violation of the Act, entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of them to others.

25.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants named in this cause of action, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants, for their acts as described in this cause of action in a sum to be determined at the time of trial.

26.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants in order to deter them from such and similar conduct in the future.

///
///
///
///

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE**

**FAIR EMPLOYMENT AND HOUSING ACT**

**California Government Code § 12940(m)**

(Against Defendant and all DOE Defendants)

27.     Plaintiff incorporates by references all preceding paragraphs in this complaint.

28.     Plaintiff is and all times mentioned herein was, qualified and able to hold a position with Defendants.

29.     Defendants never offered Plaintiff any reasonable accommodation in spite of Defendants' legal duty. Plaintiff requested reasonable accommodation in the form of time off from work to care for his medical condition. Defendants failed to accommodate Plaintiff's reasonable request.

30.     Furthermore, Plaintiff alleges that in spite of Defendants' legal duty, Defendants never offered any accommodation to Plaintiff prior to Plaintiff's termination.

31.     As a proximate result of Defendants' conduct, Plaintiff has suffered damage in an amount subject to proof, but which are in excess of the jurisdiction minimum of this Court and which include but are not limited, accrued but unpaid salary, bonuses and benefits, front pay, back pay, severance pay, and damages for emotional distress.

32.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendants' willful violation of the Act, entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of them to others.

33.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to

1  punitive or exemplary damages against said Defendants for their acts as described in this cause

2  of action in a sum to be determined at the time of trial.

3  34.   Because the wrongful acts against Plaintiff were carried out, authorized or

ratified by said Defendants' directors, officers and/or managing agents, acting with malice,

4

oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing

5  injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff

6  seeks punitive damages against Defendants in order to deter them from such and similar

7  conduct in the future.

8  35.   Plaintiff has incurred and continues to incur legal expenses and attorney's fees

9  in a sum according to proof.

**THIRD CAUSE OF ACTION**

10

**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN**

11  **VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

12  **California Government Code § 12940(n)**

13  (Against Defendant and all DOE Defendants)

14  36.   Plaintiff incorporates by references all preceding paragraphs in this complaint.

15  37.   At all times herein mentioned the FEHA, Government Code Section 12940(n),

16  was in full force and effect and binding on Defendants. These statutes required Defendants to

engage in an interactive process in assessing the employee's disability in order to provide a

17  reasonable accommodation. The Government Code Section 12940(n) makes it an unlawful

18  employment practice for an employer to fail to engage in a timely, good faith, interactive

19  process with the employee to determine the effective reasonable accommodations, if any, in

20  response to a request for reasonable accommodation by an employee with a known physical

21  disability.

22  38.   Plaintiff suffered from a disability during his employment at Defendants and all

DOE Defendants. Plaintiff's medical condition manifested itself in a disability, which was

23  disclosed to Defendants. Plaintiff alleges that Defendants did not engage in any interactive

24  process with Plaintiff to determine the extent and nature of his disability and whether his

25  request for reasonable accommodation could be granted. Subsequently, Defendants terminated

26  Plaintiff's employment as a result of Plaintiff's disability.

39.   As a proximate result of Defendants' willful, knowing and intentional

discrimination against Plaintiff, by failing to provide Plaintiff with the requested reasonable

O'KUFMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                    7

1   accommodation concerning his actual and/or perceived disability, and by failing to engage in
2   any interactive process, Plaintiff has suffered and continues to suffer humiliation, emotional
3   distress, and physical and mental pain and anguish, all to his damages in a sum according to
    proof.
4
        40.     Defendants have committed the acts herein alleged maliciously and
5   oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional
6   motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly,
7   Plaintiff requests the assessment of punitive damages against Defendants, in an amount
8   appropriate to punish and make example of them.
        41.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees
9   in a sum according to proof.
10
                              **FOURTH CAUSE OF ACTION**
11       **FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION,**
12              **RETALIATION IN THE WORK PLACE IN VIOLATION OF**
13                   **THE FAIR EMPLOYMENT AND HOUSING ACT**
14                      **California Government Code § 12940(k)**
15                  (Against Defendant and all DOE Defendants)
        42.     Plaintiff incorporates and realleges by reference all previous paragraphs of this
16  Complaint as if fully set forth herein.
17       43.     Plaintiff was discriminated against as described in this Complaint. Although
18  Defendants knew, or should have known, of the discriminatory conduct, they failed and
19  refused to take all the reasonable steps necessary to prevent the discrimination from occurring.
20       44.     Defendants failed or refused to take appropriate steps to abate or prevent
21  discrimination in the workplace by failing to effectively enforce policy against unlawful
    discrimination, failing to thoroughly investigate complaints of discrimination, and failing to
22  take prompt and appropriate disciplinary action against perpetrators of discrimination. On the
23  contrary, Defendants implemented policies that promoted discrimination of Plaintiff based on
24  his disability.
25       45.     Defendants' conduct as described constitutes a violation of California
26  Government Code Section 12940(k).
        46.     As a direct and proximate result of the acts of Defendants, Plaintiff has
    sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for

1  his severe emotional distress and other consequential damages in an amount not less than an
2  amount within the jurisdiction of this court, the exact amount to be proven at trial.

3  47.    In addition, Plaintiff is entitled to his attorney's fees in prosecuting this lawsuit,
   pursuant to California Government Code § 12965(b).

4
5  48.    Further, because the wrongful acts against Plaintiff were carried out or ratified
   by directors, officers and/or managing agents of Defendants acting with malice, oppression or
6  fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury
7  to Plaintiff, as demonstrated by actions and as described earlier in this Complaint, Plaintiff
8  seeks punitive damages against Defendants, in order to deter them from such and similar
9  conduct in the future.

10                          **FIFTH CAUSE OF ACTION**
                          **RETALIATION IN VIOLATION OF**
11
                    **THE FAIR EMPLOYMENT AND HOUSING ACT**
12                     **California Government Code § 12940(h)**
13                  (Against Defendant and all DOE Defendants)

14  49.    Plaintiff incorporates and re-alleges by reference all previous paragraphs of this
15  Complaint as if fully set forth herein.

16  50.    Government Code §12940(h) provides that it is unlawful for an employer or
   other entity covered by this part to "discharge, expel, or otherwise discriminate against any
17  person because the person has opposed any practices forbidden" under the Fair Employment
18  and Housing Act.

19  51.    On or about June 23, 2020, Plaintiff was undergoing a lot of stress and suddenly felt
20  dizzy at work. Plaintiff left work early that day to be checked out by a physician. Plaintiff was
21  informed his blood pressure was high and was experiencing stroke-like symptoms. Plaintiff was
   further admitted to the hospital.
22
   52.    On or about June 24, 2020, Plaintiff was discharged from the hospital. Plaintiff was
23  further placed off work.

24  53.    Plaintiff was seeing a therapist for his stress and his primary physician for his high
25  blood pressure. Plaintiff's medical leave was extended on a weekly basis. Plaintiff's medical
26  extension notes were faxed to Defendant. Plaintiff's girlfriend called to confirm that they had
   received Plaintiff's medical notes.

   54.    On or about July 16, 2020, Plaintiff was placed off work until October 16, 2020.

O'TRUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW        COMPLAINT FOR DAMAGES               9

Plaintiff's physician submitted his medical note to Defendant informing them that Plaintiff's medical leave was extended until October 16, 2020.

55.     Rather than accommodating Plaintiff's serious medical conditions, Defendant retaliated against Plaintiff by terminating his employment on July 16, 2020, for pretextual reasons.

56.     Plaintiff is informed and believes and alleges that the reason for Defendants termination of Plaintiff was in retaliation of Plaintiff's disability.

57.     As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

58.     Defendants' acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful discrimination. Because the acts were carried out by officers, directors and/or managing agents of Defendants in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

59.     As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

60.     Plaintiff requests an award of attorney's fees and costs of suit pursuant to Government Code §12965(b).

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND THE FAIR EMPLOYMENT HOUSING ACT

**California Government Code § 12940 et seq.**

(Against Defendant and all DOE Defendants)

61.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

62.     Plaintiff is informed, believes, and based thereon, alleges that said Defendants named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of the Fair Employment & Housing Act (FEHA), and public policy by terminating Plaintiff on the basis of Plaintiff's disability. The conduct described in the above sentence violates the following statutes that affect society at large:

a.      under the FEHA, California Government Code §12940, which prohibits employers from terminating and discriminating against their employees in terms, conditions, and privileges of employment because of their disability;

b.      all other state statutes, regulations, administrative orders, and ordinances which affect society at large, and which discovery will reveal were violated by said Defendants by retaliating, harassing, discriminating against Plaintiff.

63.     Plaintiff alleges that the Defendants, named in this cause of action, violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, when said Defendants, terminated Plaintiff's employment in violation of public policy as such:

a.      by acting unlawfully in a manner that affects the California workplace by creating an unstable and unethical workplace by discriminating against and retaliating against Plaintiff and terminating Plaintiff's employment on the basis of his disability under California Government Code 12940, et seq.

64.     As a direct, foreseeable, and proximate result of the actions of said Defendants and all Doe Defendants, and each of them, as described in this complaint, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits he would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for himself and his family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

65.     The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendants and DOES 1-100 conducted themselves as described in this cause of action by willfully violating those statutes and public policies numerated in the above Paragraphs, Plaintiff prays for punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to

punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of Defendants to others.

66.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, as described above, was done with oppression, and malice, by the Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendants' employees and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action, in a sum to be determined at the time of trial.

67.     Wherefore, Plaintiff requests relief as described below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct;

3. For costs of suit and attorney fees;

4. For prejudgment and post judgment interest;

5. For any other relief that is just and proper;

6. For attorney's fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).


DATED: August 10, 2021                     OTKUPMAN LAW FIRM, ALC


                                           By: _____
                                                Roman Otkupman
                                                Attorneys for Plaintiff, Andre Newsome

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED:  August 10, 2021                    OTKUPMAN LAW FIRM, ALC


By: _____
                    Roman Otkupman
                    Attorneys for Plaintiff, Andre Newsome

OTKUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                    13

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 29, 2021

Roman Otkupman
5743 Corsa Avenue
Westlake Village, California 91362

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202106-14035229
      Right to Sue: Newsome / Graybar Electric Company, Inc.

Dear Roman Otkupman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                   KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 29, 2021

RE:    **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202106-14035229
Right to Sue: Newsome / Graybar Electric Company, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete. To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 29, 2021

Andre Newsome

,

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202106-14035229
Right to Sue: Newsome / Graybar Electric Company, Inc.

Dear Andre Newsome:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 29, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

`    ⸌              ⸜`

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Andre Newsome                                       DFEH No. 202106-14035229

                    Complainant,

vs.

Graybar Electric Company, Inc.

                    Respondents

---

**1.** Respondent **Graybar Electric Company, Inc.** is an **employer Graybar Electric Company, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Andre Newsome**, resides in the City of , State of .

**3.** Complainant alleges that on or about **July 16, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Plaintiff began working for Defendant in or around September of 2019, as a Sales Trainee. While working for Defendant, Plaintiff was earning approximately $25.00 per hour. Plaintiff's primary job responsibilities involved processing orders for electrical sales and maintaining customer relationships. Throughout his employment with Defendant, Plaintiff was a diligent worker. On or about June 23, 2020,

Date Filed: June 29, 2021

1  Plaintiff was undergoing a lot of stress and suddenly felt dizzy at work. Plaintiff left work early that day to be checked out by a physician. Plaintiff was informed his blood pressure
2  was high and was experiencing stroke-like symptoms. Plaintiff was further admitted to the hospital. On or about June 24, 2020, Plaintiff was discharged from the hospital. Plaintiff was
3  further placed off work. Plaintiff was seeing a therapist for his stress and his primary physician for his high blood pressure. Plaintiff's medical leave was extended on a weekly
4  basis. Plaintiff's medical extension notes were faxed to Defendant. Plaintiff's girlfriend called to confirm that they had received Plaintiff's medical notes. On or about July 16, 2020,
5  Plaintiff was placed off work until October 16, 2020. Plaintiff's physician submitted his medical note to Defendant informing them that Plaintiff's medical leave was extended until
6  October 16, 2020. Rather than accommodating Plaintiff's serious medical conditions, Defendant retaliated against Plaintiff by terminating his employment on July 16, 2020, for
7  pretextual reasons.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  -2-
   *Complaint -- DFEH No. 202106-14035229*
28  Date Filed: June 29, 2021

1 | VERIFICATION

2 | I, **Roman Otkupman,** am the **Attorney** in the above-entitled complaint.  I have read
3 | the foregoing complaint and know the contents thereof.  The matters alleged are
based on information and belief, which I believe to be true.

4 |
On June 29, 2021, I declare under penalty of perjury under the laws of the State of
5 | California that the foregoing is true and correct.

6 | **Westlake Village, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

-3-
*Complaint – DFEH No. 202106-14035229*
27 |
28 | Date Filed: June 29, 2021

**TAB 2**

Fax Server          8/12/2021 10:24:46 AM  PAGE    1/001   Fax Server

8/10/2021 16:09:26 PDT          To: 15102671546          Page: 03/26          From: PRECISION LEGAL CENTER, A LAW CORP

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GRAYBAR ELECTRIC COMPANY, INC., a New York Corporation
and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDRE NEWSOME, an individual,

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
| --- |
| FILED BY FAX<br>ALAMEDA COUNTY<br><br>August 11, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Nicole Hall, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: (Número del caso): |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hayward Hall of Justice<br><br>24405 Amador St<br>Hayward, CA 94544 | RG21108910 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman: 5743 Corsa Ave, Suite 123, Westlake Village, CA 91362; (818)293-5623

| DATE: | Clerk, by | Nicole Hall | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* August 11, 2021 | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✗] on behalf of *(specify):* **Graybar Electric Company, Inc., a New York Corporation**

   under: [✗] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [✗] by personal delivery on *(date):* 8-12-2021

Page 1 of 1

| From Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
| --- | --- | --- |

**TAB 3**

IAN P. FELLERMAN (State Bar No. 119725)
JOAN PUGH NEWMAN (State Bar No. 148562)
Aleshire & Wynder, LLP
1301 Marina Village Parkway, Suite 310
Alameda, California 94501
Telephone: (510) 337-2810
Facsimile: (510) 337-2811
ifellerman@awattorneys.com
jpughnewman@awattorneys.com

Attorneys for Defendant
GRAYBAR ELECTRIC COMPANY, INC.

ENDORSED
FILED
ALAMEDA COUNTY

SEP - 7 2021

CLERK OF THE SUPERIOR COURT
By____/K. Ghee_____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ANDRE NEWSOME, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>GRAYBAR ELECTRIC COMPANY, INC.,<br>a New York and DOES 1 through 100,<br>inclusive,<br><br>   Defendants. | Case No.: RG21108910<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant Graybar Electric Company, Inc. ("Defendant") answers the allegations of Plaintiff's Complaint for Damages (the "Complaint") as follows:

### GENERAL DENIAL

Defendant denies each and every material allegation of Plaintiff's Complaint pursuant to California Code of Civil Procedure section 431.30(d). Defendant further denies that Plaintiff has been damaged in any manner or in any amount as the result of any act, omission to act, or delay in acting.

### AFFIRMATIVE DEFENSES

As separate and independent affirmative defenses to each cause of action, Defendant alleges as follows:

1

1.    Any adverse employment action occurred because of nondiscriminatory and non-retaliatory reasons.

2.    Plaintiff failed to mitigate his alleged damages.

3.    Plaintiff's exclusive remedy lies within the California Worker's Compensation Act, Labor Code section 3602, *et seq.*, and this Court lacks jurisdiction.

4.    Plaintiff's causes of action fail to state facts sufficient to state a cause of action against Defendant.

5.    Plaintiff's causes of action are barred entirely or partially by the applicable statute of limitations, including but not limited to California Code of Civil Procedure section 335.1 and California Government Code sections 12960(d) and 12965(b).

6.    By his conduct, Plaintiff is estopped from recovering against Defendant.

7.    By his conduct, Plaintiff has waived and released his right to recover against Defendant.

8.    By his conduct, Plaintiff's causes of action are barred under the doctrine of unclean hands.

9.    The same employment actions would have been taken regardless of any alleged discriminatory or retaliatory motive, which motive is denied.

10.    Plaintiff's causes of action and remedies are barred entirely or partially by the after-acquired evidence doctrine.

11.    Plaintiff failed to timely and properly exhaust his required administrative remedies with the Department of Fair Employment and Housing.

12.    Plaintiff's claims are barred partially or entirely by the avoidable consequences doctrine, given that Defendant has a policy prohibiting discrimination and retaliation, and Plaintiff failed to properly and timely utilize the relief available under the policy.

13.    Plaintiff's claims are barred in whole or in part because he is not a qualified individual with a disability.

14.    Any alleged failure to accommodate and engage in the interactive process was due to Plaintiff's own actions, omissions and failure to cooperate.

2

15. Any further accommodation of Plaintiff would not have been reasonable.

16. Any further accommodation of Plaintiff would have been an undue hardship.

17. Any further accommodation of Plaintiff would have created a direct threat to the health and/or safety of Plaintiff and/or others.

18. Plaintiff's claims are barred or limited by the doctrine of business necessity.

19. Defendant is entitled to an offset for amounts paid to Plaintiff, and Plaintiff is not entitled to double recovery.

20. Plaintiff's claims are barred, in whole or in part, because he failed to comply with his obligations under California Labor Code sections 2854 and 2856.

21. Plaintiff's claims are barred because reasonable care was taken to prevent and address any alleged discrimination or retaliation, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided to avoid harm.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice, and that judgment be rendered in favor of Defendant;

3. That Defendant be awarded its reasonable attorneys' fees and costs in an amount to be determined by the Court; and

4. That Defendant have such other and further relief as the Court may deem just and proper.

ALESHIRE & WYNDER, LLP

Date: September 7, 2021          By: _____

                                        IAN P. FELLERMAN
                                        Attorneys for Defendant
                                        GRAYBAR ELECTRIC COMPANY, INC.

3

DEFENDANT'S ANSWER TO COMPLAINT                    Case No.: RG21108910

## PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Alameda, California, over the age of 18 years, and am not a party to the within-entitled action. My business address is 1301 Marina Village Parkway, Suite 310, Alameda, California 94501. On the date set forth below, I served the following document(s) by the method indicated below:

### DEFENDANT'S ANSWER TO COMPLAINT

☐ **Facsimile** by transmitting via facsimile on this date from fax number (510) 337-2811 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing pursuant to California Code of Civil Procedure §1013(e). The transmitting fax machine complies with California Code of Civil Procedure §1013(e).

☒ **First Class Mail** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Alameda, California addressed as set forth below pursuant to California Code of Civil Procedure §1013(a). I am readily familiar with the business practice at Wiley Price & Radulovich, LLP for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

☐ **Electronic Mail Service** I caused to be delivered by electronic mail service this date of the above documents, for which our office will maintain the email sent receipt, to the following:

☐ **OneLegal** I caused to be delivered by OneLegal from the email address of pmendes@wprlaw.com this date of the above documents, for which our office will maintain the OneLegal filing receipt, to the email address set forth below.

☐ **Messenger** by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ **Personal Delivery** by personally hand delivering the document(s) listed above in a sealed envelope(s) to the person(s) at the address(es) set forth below pursuant to California Code of Civil Procedure §1011.

☐ **Overnight Delivery** by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express service carrier for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below pursuant to California Code of Civil Procedure §1013(c).

Roman Otkupman
OTKUPMAN LAW FIRM
5743 Corsa Avenue, Suite 123
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310
Roman@OLFLA.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 7, 2021, at Alameda, California.

Liza P. Allen

Proof of Service

Case No.: C20-01382

Wiley Price &
Radulovich, LLP

**TAB 4**

Fax Server          8/12/2021 10:24:40 AM  PAGE   1/001   Fax Server

8/10/2021 16:09:26 PDT          To: 15102671546          Page: 04/26          From: PRECISION LEGAL CENTER, A LAW CORP

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>—Roman Otkupman, Esq. Bar No. 249423<br>Otkupman Law Firm, ALC<br>5743 Corsa Ave, Suite 123<br>Westlake Village, CA 91362<br>  TELEPHONE NO.: (818) 293-5623     FAX NO.: (888) 850-1310<br>ATTORNEY FOR *(Name)*: Plaintiff Andre Newsome | FOR COURT USE ONLY<br><br>FILED BY FAX<br>ALAMEDA COUNTY<br><br>August 11, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Nicole Hall, Deputy<br><br>CASE NUMBER:<br>RG21108910 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 24405 Amador St
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Andre Newsome v. Graybar Electric Company, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>  (Amount         (Amount<br>  demanded      demanded is<br>  exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| **Employment** | ☐ Writ of mandate (02) | |
| ☑ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Six (6)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 10, 2021
Roman Otkupman
_____          ▶ _____
        (TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG21108910
Case Title:   Newsome  VS Graybar Electric Company, Inc.
Date of Filing: 08/11/2021


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **James Reilly** |
| **Department:** | **25** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6941** |
| **Fax Number:** | **(510) 891-5346** |
| **Email Address:** | **Dept25@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."


IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE James Reilly
DEPARTMENT 25

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Self-represented litigants must also comply with the rules cited above. All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains a Self-Help Center at the Hayward Hall of Justice, 24405 Amador Street, 1st Floor (Department 501), Hayward, CA 94544.

With the exception of Case Management Statements, please submit a courtesy copy of all filed documents directly to Dept. 25.

**Schedule for Department 25**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Monday through Friday 9:30 a.m. to 4:30 p.m. A pretrial conference will be set two to three weeks before the trial.

- Case Management Conferences are held: Monday through Friday at 9:00 a.m. Timely filed and complete Case Management Statements may eliminate the need for an in-person conference by allowing the Court to publish a Tentative Case Management Order.

- Law and Motion matters are heard: Wednesday and Friday at 9:00 a.m.

- Settlement Conferences are heard: Settlement Conferences are set by the Judge.

- Ex Parte matters are heard: Wednesday and Friday at 9:00 a.m.

- Department 25 has opted out of the Informal Discovery Conference protocol pursuant to Local Rule 3.31 and CCP section 2016.080.  Please email the department (dept25@alameda.courts.ca.gov) to reserve a hearing date for a discovery motion. When requesting a reservation number, note the nature of the motion, the party you represent, and two or three proposed hearing dates (on a Wednesday or Friday at 9:00), factoring in the time required for statutory notice. No discovery motion shall be filed without prior serious efforts to resolve it.

- Limited hearings are available for summary judgments, preliminary injunctions and other time-sensitive motions.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:      Dept25@alameda.courts.ca.gov
  Phone:     (510) 267-6941

  The Court requests that reservations be made by e-mail to avoid disrupting courtroom proceedings.

- Ex Parte Matters
  Email:      Dept25@alameda.courts.ca.gov
  Phone:     (510) 267-6941

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 25

- Phone:  1-866-223-2244

Dated:  08/13/2021

_____
Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/16/2021

By

Deputy Clerk

```
┌                        ┐    ┌                                    ┐
  Otkupman Law Firm, ALC
  Attn:  Otkupman, Roman
  5743 Corsa Ave.
  Suite 123
└ Westlake Village, CA   91362              ┘    └                        ┘
```

## Superior Court of California, County of Alameda

| | |
|---|---|
| Newsome<br><br>        **Plaintiff/Petitioner(s)**<br>VS.<br><br>Graybar Electric Company, Inc.<br>        **Defendant/Respondent(s)**<br>    (Abbreviated Title) | No. RG21108910<br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **12/28/2021**<br>Time: **03:00 PM** | Department: **25**<br>  Location: **Administration Building**<br>        **1221 Oak Street, Oakland CA 94612**<br><br>    Internet: **www.alameda.courts.ca.gov** | Judge: **James Reilly**<br>Clerk: **Pamela Greene**<br>Clerk telephone: **(510) 267-6941**<br>E-mail:<br>**Dept25@alameda.courts.ca.gov**<br>Fax: **(510) 891-5346** |

### ORDERS

1. **Plaintiff** must:

    a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

    a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/16/2021.

By _____

Deputy Clerk



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to**
**respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____<br><br>DEPARTMENT 610 |

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session.   Additional sessions may be scheduled.   The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available  to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is  no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐   Other ADR process (describe) _____

2)   The parties agree that the ADR Process shall be completed by (date): _____
3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐  *Additional signature(s) attached*



# Superior Court of California
## County of San Francisco



Hon. Garrett L. Wong
PRESIDING JUDGE

# Judicial Mediation Program

Elizabeth M. Kelber
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to, personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Teri L. Jackson
The Honorable Harold Kahn.
The Honorable Curtis E.A. Karnow
The Honorable Kathleen A. Kelly

The Honorable Charlene P. Kiesselbach
The Honorable Joseph M. Quinn
The Honorable Jeffrey S. Ross
The Honorable John K. Stewart
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed due to the judge's availability, every effort will be made to fulfill the parties' choice for a particular judge. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
(415) 551-3869

03/2019 (ek)

## EJT-001-INFO   Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who will be taking part in an **expedited jury trial**—a trial that is shorter and has a smaller jury than a traditional jury trial.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml.* The rules are at *www.courts.ca.gov/rules.*

### ( 1 ) What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.
- **The jury will be smaller.** There will be 8 jurors instead of 12.
- **Choosing the jury will be faster.** The parties will exercise fewer challenges.

### ( 2 ) What cases have expedited jury trials?

- **Mandatory expedited jury trials.** All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in ( 7 ) below.
  - **Voluntary expedited jury trials.** If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial,* if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury that the

mandatory ones do, but have one other important aspect—**all parties must waive their rights to appeal.** In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in ( 9 ).

### ( 3 ) Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

### ( 4 ) Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### ( 5 ) Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### ( 6 ) How else is an expedited jury trial different?

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

Judicial Council of California, www.courts.ca.gov
Revised Jan. 1, 2016, Mandatory Form
Code of Civil Procedure, §§ 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1553

**Expedited Jury Trial Information Sheet**

EJT-001-INFO, Page 1 of 2



## **EJT-001-INFO**   Expedited Jury Trial Information Sheet

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

- The voluntary expedited jury trial rules set up some special procedures to help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trials.

### ⑦ Do I have to have an expedited jury trial if my case is for $25,000 or less?

Not always. There are some exceptions.

- The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.
- Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

*The remainder of this information sheet applies only to voluntary expedited jury trials.*

### ⑧ Who can take part in a voluntary expedited jury trial?

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in ①. and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial*, which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

### ⑨ Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

- Misconduct of the judicial officer that materially affected substantial rights of a party;
- Misconduct of the jury; or
- Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

### ⑩ Can I change my mind after agreeing to a voluntary expedited jury trial?

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if **both** sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney **before** agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. **You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:       FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

  STREET ADDRESS:

  MAILING ADDRESS:

  CITY AND ZIP CODE:

  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE     ☐ LIMITED CASE <br> (Amount demanded       (Amount demanded is $25,000 <br> exceeds $25,000)        or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:            Time:            Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
     The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
     a.   ☐   The trial has been set for *(date):*
     b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

     c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
     The party or parties estimate that the trial will take *(check one):*
     a.   ☐   days *(specify number):*
     b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
     The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
     a.   Attorney:
     b.   Firm:
     c   Address:
     d.   Telephone number:                                       f.   Fax number:
     e.   E-mail address:                                          g.   Party represented:
     ☐   Additional representation is described in Attachment 8.

9.   **Preference**
     ☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
     a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

          (1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

          (2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221

     b.   **Referral to judicial arbitration or civil action mediation** (if available).
          (1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
          (2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
          (3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:


**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party)*:

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:


**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:


**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

   | Party | Description | Date |
   | --- | --- | --- |




   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | **FILED BY FAX** USE ONLY |
|---|---|
| Roman Otkupman SBN 249423<br>Otkupman Law Firm<br>5743 Corsa Ave Suite 123<br>Westlake Village, CA 91362<br>TELEPHONE NO.: **(818) 293-5623**          FAX NO. (Optional):<br><br>E-MAIL ADDRESS (Optional): roman@olfla.com<br>ATTORNEY FOR (Name):      **Plaintiff** | ALAMEDA COUNTY<br><br>September 01, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Cheryl Clark, Deputy<br><br>CASE NUMBER:<br>**RG21108910** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA - HAYWARD<br>    STREET ADDRESS: 24405 Amador St.<br>    MAILING ADDRESS: 24405 Amador St.<br>    CITY AND ZIP CODE: Hayward, CA 94544<br>    BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA -<br>                            HAYWARD | |
|---|---|

| PLAINTIFF/PETITIONER: Andre Newsome<br><br>DEFENDANT/RESPONDENT: Graybar Electric Company, Inc. | CASE NUMBER:<br>RG21108910 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Andre Newsome |

(Separate proof of service is required for each party served.)

1.    At the time of service I was at least 18 years of age and not a party to this action.

**BY FAX**

2.    I served copies of: *Summons, Complaint, Civil Case Cover Sheet; Alternative Dispute Resolution Information Package*

3.    a.  Party served (specify name of party as shown on documents served):
       *Graybar Electric Company, Inc., a New York Corporation*

      b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
           under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
           *CSC Lawyers Registered Agent by leaving with Koy Saechao  (Gender: Female Height:  Weight:  Race:  Hair:
           Other:)*
           *Person Authorized to Accept*

4.    Address where the party was served: *2710 Gateway Oaks Dr, 150N Sacramento, CA 95833*

5.    I served the party (check proper box)
      a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
           service of process for the party (1) on: **8/12/2021** (2) at: **03:48 PM**
      b.  [ ]  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of (name and title or
           relationship to person indicated in item 3):

            (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                      of the person to be served. I informed him or her of the general nature of the papers.

            (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                      place of abode of the party. I informed him or her of the general nature of the papers.

            (3)  [ ]  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual
                      mailing address of the person to be served, other than a United States Postal Service post office box. I
                      informed him or her of the general nature of the papers.

            (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
                      the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

Page 1 of 2

| PLAINTIFF/PETITIONER: Andre Newsome | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Graybar Electric Company, Inc. | RG21108910 |

　　　　　　　　on:　　　　　　from:　　　　　or ☐ a declaration of mailing is attached.

　　　　　(5)　☐　I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.　c.　☐　**by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　　　　(1) on:　　　　　　　　　　　　　(2) from:

　　　　　(3)　☐　with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

　　　　　(4)　☐　to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　　d.　☐　**by other means** *(specify means of service and authorizing code section):*

　　　　　☐　Additional page describing service is attached.

6.　The "Notice to the Person Served" (on the summons) was completed as follows:

　　a.　☐　as an individual defendant.

　　b.　☐　as the person sued under the fictitious name of *(specify):*

　　c.　☐　as occupant.

　　d.　☒　On behalf of *(specify):* **Graybar Electric Company, Inc., a New York Corporation** under the following Code of Civil Procedure section:

| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
|---|---|
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.　**Person who served papers**

　　a.　Name: **Danielle Noelle Crosby**

　　b.　Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**

　　c.　Telephone number: **213-628-6338**

　　d.　The fee for service was: **$90.00**

　　e.　I am:

　　　　　(1)　☐　not a registered California process server.

　　　　　(2)　☐　exempt from registration under Business and Professions Code section 22350(b).

　　　　　(3)　☒　a registered California process server:

　　　　　　　(i)　☐ owner　☐ employee　☒ independent contractor.

　　　　　　　(ii)　Registration No.: **2018-12**

　　　　　　　(iii)　County: **Sacramento**

8.　☒　**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

Danielle Noelle Crosby　　　　　　　　Date: 08/23/2021

**TAB 5**

1  IAN P. FELLERMAN (State Bar No. 119725)
   JOAN PUGH NEWMAN (State Bar No. 148562)
2  Aleshire & Wynder, LLP
   1301 Marina Village Parkway, Suite 310
3  Alameda, California 94501
   Telephone: (510) 337-2810
4  Facsimile: (510) 337-2811
   ifellerman@awattorneys.com
5  jpughnewman@awattorneys.com

6  Attorneys for Defendant
   GRAYBAR ELECTRIC COMPANY, INC.

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                          **OAKLAND BRANCH**

11

12  ANDRE NEWSOME, an individual,          Case No.:

13              Plaintiff,                 **DECLARATION OF TYRUS
                                           WASHINGTON**
14        v.

15  GRAYBAR ELECTRIC COMPANY, INC.,        (28 U.S.C. §§ 1332(a), 1441(b), and 1446)
    a New York and DOES 1 through 100,
16  inclusive,                             (Alameda County Superior Court
                                           Case No. RG21108910)
17              Defendants.

18

19        I, Tyrus Washington, hereby declare as follows:

20        1.      I am employed by Graybar Electric Company, Inc. as the Senior Human Resources

21  Advisor for California.

22        2.      Given my position, I have personal knowledge of the facts set forth in this

23  Declaration and could competently testify thereto.

24        3.      Andre Newsome was employed full-time by Graybar Electric Company, Inc. from

25  September 2019 to on or about July 16, 2020.  At the time of his separation, he was paid an hourly

26  wage of $21.63, which was equivalent to an annual salary of $45,000.

27        4.      Graybar Electric Company, Inc. was and is a corporation incorporated under the

28  laws of the State of New York, with its principal place of business located at 34 N. Meramec

                                          1
   DECLARATION OF TYRUS WASHINGTON

1    Avenue, St. Louis, Missouri 63105.

2          Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

3    United States of America that the foregoing is true and accurate.

4

5    Dated:  September _28_, 2021

6                                TYRUS WASHINGTON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF TYRUS WASHINGTON

**TAB 6**

 Daily Labor Report®

Source: Daily Labor Report: News Archive > 2013 > March > 03/12/2013 > News > Discrimination: Jury Awards Ex-Radio Shack Manager $1.03 Million on Age Discrimination Claims

**48 DLR A-6**

*Discrimination*
### Jury Awards Ex-Radio Shack Manager $1.03 Million on Age Discrimination Claims

*By Joyce E. Cutler*

SAN FRANCISCO—Attorneys for Radio Shack Corp. and a longtime former store manager are set for a March 18 settlement hearing before a magistrate judge following a $1.03 million jury verdict that the retailer fired the manager because of his age and in retaliation for refusing to fire people based on their race and national origin (*Allen v. Radio Shack Corp.*, N.D. Cal., No. 3:11-cv-03110, *jury verdict 3/1/13*).

A jury in the U.S. District Court for the Northern District of California deliberated six and a half hours to find March 1 that Radio Shack fired Frank Allen in violation of public policy. The jury awarded Allen $116,600 for back pay and benefits, $353,400 in future compensation, $60,000 for emotional distress, and $500,000 in punitive damages. Jurors did not find for Allen on his race discrimination claim.

Allen was hired as an assistant manager in 1997, was promoted to store manager, and worked at a high-volume store in San Francisco's high-crime Tenderloin neighborhood for 12 years. He alleged he was terminated for refusing to fire what his supervisor said were the "wrong people in the store," the three highest-performing sales people, who were African American, Latino, and of Middle Eastern descent.

Allen was 54 years old when he was fired in April 2010. Radio Shack said he was fired for legitimate nondiscriminatory reasons of poor performance and failing to adhere to company policies, including keeping a messy store. He was replaced with a 23-year-old Asian woman, the court noted in a December denial of Radio Shack's summary judgment motion.

Representatives for the Fort Worth, Texas-based specialty consumer electronics retailer could not be reached for comment March 11.

**Settlement Conference Ordered**

Judge William Alsup, who last December denied Radio Shack's motion, ordered the two sides to a settlement conference March 18.

Radio Shack stated throughout the case that it would appeal, plaintiff's counsel Angela Alioto of the Law Offices of Joseph L. Alioto and Angela Alioto in San Francisco, said March 11.

"The jury got it right away" even though there was no direct evidence of age bias and retaliation, Alioto told BNA. The firing occurred after a visit from executives from the Texas headquarters, and "it was so obvious they were getting rid of the old guys," she said.

Allen brought the store from $600,000 in annual sales to $1.8 million, and sales plummeted after his termination, his attorney said. Allen is now a security guard making $17,000 annually, Alioto said.

"The jury got it right. And if Radio Shack hadn't lost $187 million last year, it would have been a much higher punitive" damages award, Alioto said. She added that the attorneys' fees award could bring the total award above $2 million.

In addition to Alioto, Allen is represented by Steven Robinson, Angela M. Veronese, and Matthew Wayne in the same law firm. Radio Shack Corp. is represented by Janine Syll Simerly, Jennifer A. Shy, Tracy Thompson, Adam J. Tullman, and Mani Sheik of Miller Law Group in San Francisco.

Daily Labor Report

**For More Information**

Text of the jury verdict is available at http://op.bna.com/dlrcases.nsf/r?Open=cscz-95qsx7.

Contact us at http://www.bna.com/contact/index.html or call 1-800-372-1033

ISSN 1522-5968
Copyright © 2013, The Bureau of National Affairs, Inc.. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy. http://www.bna.com/corp/index.html#V

# Bloomberg BNA    Daily Labor Report®

Source: Daily Labor Report: News Archive > 2011 > January > 01/27/2011 > News > Wrongful Discharge: California
Jury Awards $3.2 Million In Wrongful Discharge Case Against Clothier

**18 DLR A-10**

*Wrongful Discharge*
## California Jury Awards $3.2 Million In Wrongful Discharge Case Against Clothier

LOS ANGELES—A California Superior Court jury in Los Angeles Jan. 25 found in favor of a former employee of TapouT in her wrongful termination lawsuit against the sportswear company, and awarded her a total of $3.2 million in damages, her attorney announced Jan. 27 (*Thomas v. TapouT*, Cal. Super. Ct., No. BC399179, *verdict* 1/25/11).

The jury awarded Michelle Thomas $2.4 million in punitive damages and $840,000 in compensatory damages, according to Carney R. Shegerian of Santa Monica, Calif.-based Shegerian & Associates.

Thomas, who filed the lawsuit in October 2008, alleged that TapouT, which is partly owned by the Ultimate Fighting Championship organization, fired her after she complained about not being paid overtime or the higher commissions she was promised.

TapouT claimed it had a compensatory "time" program in lieu of overtime, but that "program" was non-existent in the evidence, Shegerian said in a statement.

"The law is clear in California. You cannot retaliate or discriminate or harass an employee who makes good faith complaints about wage issues," Shegerian added.

"The jury saw through the corporation's untruths and recognized the wrongful termination for what it was. Illegal," Shegerian said. The evidence of labor violations by TapouT "was overwhelming," he added.

Gail F. Montgomery, an attorney with Lewis Brisbois Bisgaard & Smith in San Bernardino, Calif., who represented TapouT in the case, did not return a call seeking comment on the verdict.

*By Tom Gilroy*

Contact us at http://www.bna.com/contact/index.html or call 1-800-372-1033

ISSN 1522-5968
Copyright © 2013, The Bureau of National Affairs, Inc.. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy. http://www.bna.com/corp/index.html#V

# Bloomberg BNA   Daily Labor Report®

Source: Daily Labor Report: News Archive > 2009 > July > 07/13/2009 > News > Wrongful Discharge: Fired Baby Trend Sales Director Awarded $8.4 Million in Wrongful Termination Case

**131 DLR A-2**

*Wrongful Discharge*
### Fired Baby Trend Sales Director Awarded $8.4 Million in Wrongful Termination Case

LOS ANGELES—A senior sales representative who worked for Ontario, Calif.-based Baby Trend Inc. for 17 years June 30 was awarded a total of $8.4 million in damages after the company allegedly fired him for complaining about payroll deductions from his commissions, his attorney told BNA July 9 (*Gardner v. Baby Trend Inc.*, Cal. Super. Ct., No. 05cc11681, 6/30/09).

A California Superior Court jury in March rejected Baby Trend's assertion that Robert Gardner, who worked for the company from 1988 until his firing in June 2005, was an independent contractor, and instead unanimously found that he was an employee under California's Labor Code, Irvine, Calif.-based attorney Steven R. Young said.

Baby Trend manufactures products for infants and young children, such as car seats and strollers.

As a result, the jury found that Gardner was wrongfully terminated in violation of public policy, and awarded him more than $8.4 million in damages, one of the largest single employee "misclassification" verdicts in history, Young said.

While the verdict and jury award took place in March, the judge in the case entered the judgment June 30, Young told BNA.

### Worker Alleged He Was Shorted on Commissions

Gardner had an agreement with Baby Trend that paid him a commission on all sales to major retailers Toys R' Us and Babies R' Us, but at a certain point, Baby Trend began "shorting" him on his commissions, Young said.

After Gardner complained, the company ordered him to attend a June 30, 2005, meeting, which he said he could not make, Young added. He then was fired from his job.

The company argued that because Gardner was an independent contractor, it could deduct whatever it wanted from his commissions, but under California labor law, the determination of whether a worker is an independent contractor or an employee largely turns on the measure of control the employer has over that worker, Young said.

### Jury Found Sufficient Control

The jury had been convinced that by ordering Gardner to the June 30 meeting, and then firing him when he could not attend, Baby Trend had sufficient control to classify Gardner as an employee, Young said.

The judgment assessed $6.9 million in damages jointly against Baby Trend and its owner, including economic damages of $5.1 million, lost earnings of $1.5 million, and mental suffering of $275,000; and another $1.5 million against Baby Trend, including failure to reimburse, $1.0 million; waiting time, $165,231; and breach of contract, $306,137.

The jury also found that Baby Trend and its owner acted with malice, oppression and fraud, but the jury then deadlocked on punitive damages, Young said.

However, motions for attorneys' fees and costs, and supplemental penalties, could push the judgment to more than $10 million, he said in a July 7 statement.

Daniel J. Gonzalez, an attorney with Horvitz & Levy in Encino, Calif., who represented Baby Trend, told

BNA July 9 that he had no comment.

James Finberg, an employment law specialist with Altshuler Berzon LLP in San Francisco, agreed that the judgment was "certainly one of the largest I've heard of" for employee misclassification. The "control issue" is key in determining whether a worker is an employee or an independent contractor, he added.

In addition to Young, Gardner was represented by Michael Procopio, of Santa Ana, Calif.-based Law Office of Michael Procopio. Attorneys representing Baby Trends, in addition to Gonzalez, were Bob Fong of Ku & Fong in Los Angeles and Charles L. Murray III, also of Los Angeles. .

*By Tom Gilroy*

Contact us at http://www.bna.com/contact/index.html or call 1-800-372-1033

ISSN 1522-5968

Copyright © 2013, The Bureau of National Affairs, Inc.. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy. http://www.bna.com/corp/index.html#V

## PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Alameda, California, over the age of 18 years, and am not a party to the within-entitled action. My business address is 1301 Marina Village Parkway, Suite 310, Alameda, California 94501. On the date set forth below, I served the following document(s) by the method indicated below:

## NOTICE OF REMOVAL OF ACTION

☐ **Facsimile** by transmitting via facsimile on this date from fax number (510) 337-2811 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing pursuant to California Code of Civil Procedure §1013(e). The transmitting fax machine complies with California Code of Civil Procedure §1013(e).

☒ **First Class Mail** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Alameda, California addressed as set forth below pursuant to California Code of Civil Procedure §1013(a). I am readily familiar with the business practice at Aleshire & Wynder, LLP for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

☐ **Electronic Mail Service** I caused to be delivered by electronic mail service this date of the above documents, for which our office will maintain the email sent receipt, to the following:

☐ **Messenger** by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ **Personal Delivery** by personally hand delivering the document(s) listed above in a sealed envelope(s) to the person(s) at the address(es) set forth below pursuant to California Code of Civil Procedure §1011.

☐ **Overnight Delivery** by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express service carrier for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below pursuant to California Code of Civil Procedure §1013(c).

Roman Otkupman
OTKUPMAN LAW FIRM
5743 Corsa Avenue, Suite 123
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310
Roman@OLFLA.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on September 9, 2021, at Alameda, California.

Liza P. Allen

Proof of Service                                                                    Case No.:

1